**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CUYAHOGA METROPOLITAN** | ) | |
| **HOUSING AUTHORITY,** | ) | |
| **1441 West 25th Street** | ) | |
| **Cleveland, Ohio 44113** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COURT OF FEDERAL CLAIMS** |
| **THE UNITED STATES** | ) | **NO. 01-416 C** |
| **OF AMERICA,** | ) | |
| | ) | **AMENDED COMPLAINT** |
| **Defendant.** | ) | |

## Preliminary Statement

1. Plaintiff Cuyahoga Metropolitan Housing Authority ("CMHA") files this Amended Complaint for damages pursuant to this Court's September 22, 2003 Order wherein the Court permitted Plaintiff to raise its entitlement to damages for the Ambleside Tower Apartments complex to include damages suffered by CMHA in the year 2001.

2. CMHA brings this action for damages resulting from the failure of the United States of America, acting through the Department of Housing and Urban Development ("HUD"), to provide for automatic annual rent increases in 1995, 1996, 1997, 1998, 1999, 2000 and 2001 for the Ambleside Tower Apartments. Pursuant to the Housing Assistance Payment Contract ("HAP Contract") entered into between CMHA and HUD, CMHA is entitled to annual rent

increases for the subject properties more fully described herein. HUD and its agents have breached the HAP Contract by their failure and subsequent refusal to grant the rent increases, mandated by the HAP Contract, resulting in damages to CMHA in the amount of at least $580,000.00. In addition to the monetary damages to which CMHA is entitled, CMHA seeks ancillary injunctive relief requiring that HUD adjust the current Contract Rents to reflect the adjustments that HUD has failed and subsequently refused to make and to use the adjusted Contract Rents as the basis for further annual adjustments as required by the HAP Contract.

**Jurisdiction**

2. This Court has subject matter jurisdiction pursuant to the provisions of the Tucker Act, 28 U.S.C. § 1491, as this claim is founded upon breaches of an express contract entered into between CMHA and HUD.

**Parties**

3. Pursuant to the provisions of Ohio Revised Code §§ 3735.27 through 3735.50, CMHA constitutes a "body corporate and politic," with the power and authority to provide "safe and sanitary housing accommodations to families of low income" within Cuyahoga County, Ohio. Pursuant to Ohio Revised Code § 3735.31, CMHA has the power to accept financial assistance from the federal government and can also sue or be sued.

4. HUD is an agency of the United States of America and at all times relevant to the allegations in this Complaint was acting as an agent of the United States of America. The actions of HUD are therefore imputed to the United States of America.

**Statement of the Facts**

5. CMHA is the owner of a certain 201 one-bedroom rental property known as the Ambleside Tower Apartments ("Ambleside") which is located at 2190 Ambleside Drive, Cleveland, Cuyahoga County, Ohio.

6. On August 15, 1978, pursuant to the United States Housing Act of 1937, 42 U.S.C. 1437, *et seq*., specifically 42 U.S.C. 1437f ("Section 8"), and the Department of Housing and Urban Development Act, 42 U.S.C. 3531, *et seq*., CMHA entered into a HAP Contract with HUD for Ambleside ("Ambleside HAP Contract"), which was designated Ambleside Tower Project, HUD project number OH 16-0013-013. (See Ambleside HAP Contract attached as Exhibit A.)

7. Pursuant to the terms of the Ambleside HAP Contract, HUD is to provide housing assistance payments to CMHA for units in the Ambleside Tower Project under lease by lower-income families.

8. The Ambleside HAP Contract set forth the initial contract rent for each unit at $298 per unit per month ("Initial Contract Rent").

9. Pursuant to Section 1.6(f)(1) of the Ambleside HAP Contract, CMHA is required to submit monthly requests to HUD for housing assistance payments.

10. Under the provisions of 42 U.S.C. § 1437f(c)(1), the housing assistance payments provided by HUD are designed to reimburse CMHA the difference between the rent called for under the Ambleside HAP Contract for each unit ("Contract Rent") and the amount paid by each leasing family.

11. Section 1.8(b) of the Ambleside HAP Contract, entitled Automatic Annual Adjustments, contains a mechanism whereby the Contract Rent due CMHA is to be increased on an annual basis and provides in full as follows:

> (1) *Automatic Annual Adjustment Factors will be determined by the Government at least annually; interim revisions may be made as market conditions warrant. Such Factors and the basis for their determination will be published in the Federal Register. These published Factors will be reduced appropriately by the Government where utilities are paid directly by the Families.*
>
> (2) *On each anniversary date of the Contract, the Contract Rents shall be adjusted by applying the applicable Automatic Annual Adjustment Factor most recently published by the Government. Contract Rents may be adjusted upward or downward, as may be appropriate; however, in no case shall the adjusted Contract Rents be less than the Contract Rents on the effective date of the Contract.*

12. Section 1.8(d) of the Ambleside HAP Contract further provides:

> (d) *<u>Overall Limitation</u>. Not withstanding any other provisions of this Contract, adjustments as provided in this Section shall not result in material differences between the rents charged for assisted and comparable unassisted units, as determined by the Government; provided, that this limitation shall not be construed to prohibit differences in rents between assisted and comparable unassisted units to the extent that such differences may have existed with respect to the initial Contract Rents.*

13. Between August 1979 and August 1994, the Contract Rent for Ambleside was increased pursuant to the provisions of Section 1.8(b) of the Ambleside HAP Contract from $298 to $575 per unit per month.

14. Since the 1994 Contract Rent adjustment which established the Contract Rent at $575.00 per unit per month, the Government has published Automatic Annual Adjustment Factors each year.

15. Based upon the provisions of the Ambleside HAP Contract cited above, CMHA was entitled to receive automatic Contract Rent adjustments for the years 1995, 1996, 1997, 1998, 1999, 2000 and 2001, which HUD has repeatedly failed to provide.

16. The failure by HUD to adjust the Contract Rents on the Ambleside HAP Contract's anniversary dates has resulted in substantially lower housing assistance payments being made by HUD to CMHA for the Ambleside Towers Project since HUD's first failure to adjust the Contract Rent on August 15, 1995.

17. Despite CMHA's compliance with the express provisions of the Ambleside HAP Contract, HUD continues to refuse to make rent adjustments for the years 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

18. By its actions, HUD has breached the express terms of the Ambleside HAP Contract in failing to grant automatic annual adjustments in the Contract Rent for the years 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

19. As a result of HUD's breach of the HAP Contract between CMHA and HUD, CMHA has been damaged to the extent of at least $580,000.00. CMHA is therefore entitled to the monetary and ancillary injunctive relief described hereinafter.

WHEREFORE, CMHA prays that this Court award it money damages in the amount of at least $580,000.00, all additional money damages suffered by CMHA from the filing of the within Complaint until entry of judgment, or such additional other amounts that are proved

at trial, together with pre- and post-judgment interest, attorney fees and any such other relief that the Court deems proper.

In addition, CMHA prays that this Court remand this matter to HUD and order that HUD adjust the Ambleside Tower Project's current Contract Rents to reflect those adjustments which HUD was required but failed to make, and order that the adjusted Contract Rents serve as the basis for all future Contract Rent adjustments which are required to be made by HUD pursuant to the terms of the Ambleside HAP Contract.

Respectfully submitted,

Dated: September 26, 2003

/s/ ***Fred J. Livingstone***
Fred J. Livingstone
TAFT, STETTINIUS & HOLLISTER LLP
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302
(216) 241-3141

Attorney for Plaintiff

Of counsel:

Lessie Milton Jones
Mark J. Valponi
Heather L. Tonsing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Amended Complaint was filed with the Court's electronic filing system this 26th day of September, 2003.

/s/ ***Fred J. Livingstone***
Fred J. Livingstone
Attorney for Plaintiff, CMHA